UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.	CASE NO: 2:11-CR-97-FtM-UASPC

JOPHANEY HYPPOLITE

## AMENDED ORDER[1]

This matter comes before the Court on Jophaney Hyppolite's Motion to Adopt Co-Defendant Neheme Ductant's Motion to Suppress Wiretap Evidence (Doc. #126) filed on February 13, 2012 and Jophaney Hyppolite's Renewed Motion to Adopt Co-Defendant Ductant's Motion to Suppress Wiretap Evidence (Doc. #166) filed on March 6, 2012. The Court held a hearing on the Motion on March 8, 2012, during which time the Court heard testimony on the Motion and argument from counsel for both parties. Defendant Hyppolite was present and represented by counsel, John D. Mills. The Government was represented by Assistant United States Attorney, Jesus Casas. Defendant Hyppolite moves to adopt Ductant's Motion to Suppress Wiretap Evidence. The Government argues that he lacks standing to do so.

It is well established that in order for a defendant to move to suppress evidence, he must have standing. United States v. Eyster, 948 F.2d 1196, 1208-09 (11th Cir. 1991). A defendant has the burden of showing standing under the Fourth Amendment standard. United States v. Brazel, 102 F.3d 1120, 1147 (11th Cir. 1997). To claim the protection of the Fourth Amendment, an individual must have a "reasonable expectation of privacy in the invaded place." Rakas v. Illinois, 439 U.S. 128, 143 (1978). A defendant's expectation must be "personal[ ]" and

---

[1] This Order is amended solely to correct the document number from Doc. #127 to Doc. #126.

1

"reasonable," and it must have "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." Minnesota v. Carter, 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998) (citations and internal quotations omitted). "Standing does not require an ownership interest in the invaded area." United States v. Hernandez, 647 F.3d 216, 219 (5th Cir. 2011) (noting that the Supreme Court has recognized that an overnight guest in a home has a legitimate expectation of privacy in that home).

In order to contest an order permitting the interception of communications, a defendant must establish that he was an "aggrieved person." 18 U.S.C. § 2518(10)(a). Such a person is defined in the relevant statute as a "person who was a party to an intercepted ... communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11). The statute further allows that an "aggrieved person" may "move to suppress the contents of any ... communication intercepted pursuant to this chapter." 18 U.S.C. § 2518(10)(a). Courts have found that where a defendant does not show any possession, ownership, or control over a phone and the phone was not registered in his name, he does not have standing to challenge the data derived from it. See United States v. Degaule, 797 F. Supp. 2d 1332, 1362 (N.D. Ga. 2011); United States v. Skinner, No. 3:06–CR–100, 2007 WL 1556596, at *15, *17 (E.D. Tenn. May 24, 2007) (finding defendant lacked standing to assert a Fourth Amendment protected interest in cell phone not subscribed in his name and had no statutory right to privacy in the phone); United States v. Castillo–Martinez, No. 04–CR–6128L, 2007 WL 1026363, at *5 (W.D.N.Y. Apr. 2, 2007) (finding that defendant did not have a privacy interest in cell phone number that was not registered or used by the defendant).

The Court heard argument from Defense Counsel on this issue. Defendant Hyppolite alleges that his conversations were intercepted and telephone tapped pursuant to one or more of the wiretap orders at issue in this case. Therefore, as discussed on the record at the hearing, Hyppolite has made a preliminary showing of standing and his request to adopt Ductant's motion to suppress is due to be granted.

Accordingly, it is now

**ORDERED:**

1) Jophaney Hyppolite's Motion to Adopt Co-Defendant Neheme Ductant's Motion to Suppress Wiretap Evidence (Doc. #126) is **DENIED as moot**.

2) Jophaney Hyppolite's Renewed Motion to Adopt Co-Defendant Ductant's Motion to Suppress Wiretap Evidence (Doc. #166) is **GRANTED**.

3) The Clerk of Court is directed to edit the docket sheet in CM/ECF so Doc. #127 shows as a pending motion.

**DONE AND ORDERED** at Fort Myers, Florida, this 26th Day of March, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record