UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            2:11-cr-97-FtM-99SPC

JUDE SEREME
_____

**OPINION AND ORDER**

This matter came before the Court on April 26, 2013, for a continuation of the sentencing hearing. The Court heard arguments on the remaining objections to the Presentence Report, and took some of the matters under advisement. The Court resolves the objections as set forth below.

**A. Maintaining Premises**

**Paragraph 66**: Defendant objects to the two level enhancement based upon the allegation that he "maintained a premises for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12). The government has now withdrawn its opposition to the objection, and the objection will be sustained. Paragraph 66 will be stricken from the Presentence Report.

**B. Criminal History Points, Career Offender Predicate**

The government has now withdrawn its objections to **Paragraphs 89 and 90,** which did not attribute any criminal history points for two convictions in Oklahoma because the convictions were relevant conduct and therefore not scoreable for Criminal History Category

purposes. The government also has withdrawn its objection to the Presentence Report for not including the Oklahoma conviction in Paragraph 89 as a qualifying conviction for career offender purposes.

**C. Enhanced Statutory Maximum Sentence Under 21 U.S.C. § 841(b)**

A defendant who commits a violation of 21 U.S.C. § 841(a) involving 280 grams or more of cocaine base shall be sentenced to a mandatory term of life imprisonment if the current offense is committed "after two or more prior convictions for a felony drug offense have become final." 21 U.S.C. § 841(b). For the statutory enhancement to be applicable, the government must file a proper notice prior to trial or guilty plea. 21 U.S.C. § 851. Defendant argues that the enhanced statutory maximum sentence does not apply to him on both substantive and procedural grounds.

**(1) Procedural History**

On September 5, 2012, a Second Superseding Indictment (Doc. #282) was filed against defendant Jude Sereme (Sereme or defendant) and others. Count One alleged a conspiracy to manufacture, possess with intent to distribute and distribute two hundred eighty (280) grams of cocaine base, crack cocaine, from at least 2009 and continuing through in or about October 2011, in the Middle District of Florida and elsewhere. Count Three charged Sereme with possession with intent to distribute an unspecified quantity of cocaine.

On September 14, 2012, the government filed a Notice of Government's Intent to Use Prior Convictions to Enhance the Penalty as to Counts One and Three of the Second Superseding Indictment as to Defendant Sereme (Doc. #325). This Notice alleged two prior qualifying convictions:

> (a) **Possession of Controlled Drug with Intent to Distribute**, in violation of Oklahoma Statute 63 OS 2-401(A)(1), a crime punishable by imprisonment for a term exceeding one year, in the District Court in and for Tulsa County, Oklahoma, in Case No. CF-08-4832, on or about February 19, 2009;
>
> (b) **Cocaine/Sell/Man/Deliver/Possess w/Intent**, in violation of Florida Statute, Section 893.13(1)(A)1, a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court, Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in Case No. F04-021452, on or about August 4, 2004.

(Doc. #325.)[1]

A jury trial began on September 18, 2012. (Doc. #348.) On October 5, 2012, the jury returned a Verdict (Doc. #383) finding defendant Sereme guilty of conspiracy to manufacture, possession with intent to distribute, and distribution of more than 280 grams of cocaine base in Count One and guilty of Count Three.

On March 27, 2013, defendant filed an Objection (Doc. #481) to the government's § 851 Notice. In relevant part, defendant asserted that he was not eligible for an enhanced statutory sentence because the Oklahoma conviction described in the § 851

---

[1]The government had filed a similar Notice (Doc. #202) on April 5, 2012, as to the Indictment and another similar Notice (Doc. #254) on August 10, 2012, as to the Superseding Indictment.

Notice was not a **prior** conviction since the alleged conduct was part of the conspiracy charged in Count One of the Second Superseding Indictment. (Doc. #481, pp. 4-9.) Defendant also asserted that the Miami-Dade conviction could not serve as a predicate conviction because the Notice failed to sufficiently specify the offense of conviction. (<u>Id.</u>, pp. 10-13.)

At the April 1, 2013 sentencing hearing, defendant argued his position that the Oklahoma conviction was part of the same conduct as the conspiracy charged in Count One, and the government introduced some of the court documents related to the Oklahoma conviction. Those documents were not clear as to whether the offense of conviction was possession with intent to distribute or simple possession, and were not clear whether the drug involved was marijuana or cocaine base. The government asserted that the conviction was for possession with intent to distribute marijuana, and that it was not part of the same conduct as charged in the Count One conspiracy. Defendant responded that the Oklahoma documents were just not clear as to the offense of conviction in Oklahoma, and that the § 851 Notice would be defective if the offense of conviction was simple possession instead of possession with intent to distribute. The Court took the objections under advisement, and later stated it was not satisfied that the record yet established the Oklahoma offense of conviction. (Doc. #529, p. 7.)

Before the next sentencing hearing, counsel for the government and counsel for defendant both made additional efforts to determine the offense of conviction in the Oklahoma case by contacting their state counterparts in Oklahoma. The government's conversations with state prosecutors led it to the conclusion that clerical errors had been committed in the Oklahoma state court judgment and supporting documents. Apparently prompted by the inquiry of counsel, on April 24, 2013, the sentencing judge in the Oklahoma case entered a document captioned "Amended To Show Correct Charge Judgment and Sentence All Time Suspended Felony" in the Oklahoma case. (Gov't Exh. 6.) This amended Oklahoma Judgment changed (1) the name of the offense of conviction from "Possession of Controlled Drug With Intent to Distribute" to "Possession of Controlled Drug Cocaine Base;" (2) the offense of conviction statutory citation from "63 OS 2401" to "63 O.S. 2-402;" and (3) the Enhancer Information from "MJ" to "cocaine base." (Gov't Exh. 3; Gov't Exh. 6.)

On April 25, 2013, the government filed an Amended Notice of Government's Intent to Use Prior Convictions to Enhance the Penalty as to Counts One and Three of the Second Superseding Indictment as to Defendant Sereme. (Doc. #530.) The Amended Notice described the two prior qualifying convictions as follows:

> (a) **Possession of Controlled Drug Cocaine Base**, in violation of Oklahoma Statute 63 OS 2-402, a crime punishable by imprisonment for a term exceeding one year,

in the District Court in and for Tulsa County, Oklahoma, in Case No. CF-08-4832, on or about February 13, 2009;

(b) **Cocaine/Sell/Man/Deliver/Possess w/Intent**, in violation of Florida Statute, Section 893.13(1)(A)1, a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court, Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in Case No. F04-021452, on or about August 4, 2004.

(Doc. #530, p. 4.) Thus, the § 851 Amended Notice incorporated the changes reflected in the Oklahoma Amended Judgment, and changed the Oklahoma date of conviction from "on or about February 19, 2009" to "on or about February 13, 2009."

**(2) Oklahoma Offense of Conviction**

The first order of business is to determine what offense defendant was actually convicted of in Oklahoma. Only after that factual determination can the Court determine whether the conviction is a qualifying "felony drug offense" under § 841(b).

The documents from the Oklahoma case reflect that defendant and others were charged in Count I of an Information with "unlawful possession of controlled drug with intent to distribute, a Felony" on or about September 25, 2008, for having "in their possession and under their control Marijuana and/or Cocaine Base with the felonious intent to then and there to unlawfully deliver and distribute the same. . . ." (Def. Exh. A.) Defendant Sereme waived his right to have the guilty plea proceedings recorded, so the documents are all that exist that explain what occurred. A form "Plea of Guilty Summary of Facts" was signed by defendant and

his attorney. (Gov't Exh. 5.) This form establishes that defendant was charged with possession of a controlled drug with intent to distribute, and that charge would be dismissed if defendant pled guilty to possession of a controlled drug. (Id.) Defendant understood the maximum punishment was two to ten years imprisonment, and a $10,000 fine. (Id.) This form also stated there was a plea agreement which called for defendant to receive a four year suspended sentence, with other specific terms. (Id.) Defendant admitted that "while in Tulsa County on or about 9/25/09 I did have a controlled drug in my possession." (Id.) The form was completed by defendant's attorney, and signed by defendant. (Id.) The court then imposed the four year suspended sentence. (Id.) The original "Judgment and Sentence All Time Suspended Felony" stated defendant had been found guilty of "possession of controlled drug with intent to distribute, 63 OS 2401" with a drug type of "MJ." (Gov't Exh. 3.) The April 2013 Amended Judgment was entered by the original sentencing judge, and corrected the offense of conviction from the more serious possession of a controlled drug with intent to distribute to simple possession, corrected the type of drug from marijuana to cocaine base, and corrected the statutory citation. (Gov't Exh. 6.) The Court finds that the government has established beyond a reasonable doubt that defendant was actually convicted of Possession of Controlled Drug Cocaine Base, in violation of Okla. Stat. tit. 63, § 2-402, in the District Court in

and for Tulsa County, Oklahoma, in Case No. CF-08-4832, on or about February 13, 2009.

Under Oklahoma law, possession of cocaine is a felony regardless of the amount of cocaine involved. Okla. Stat. tit. 63, § 2-402(A). A person who possesses any Schedule I or II substance, except marijuana, is guilty of a felony punishable by imprisonment for two to ten years. Okla. Stat. tit. 63, § 2-402(B)(1). Possession of marijuana, on the other hand, is punishable as a misdemeanor with not more than one year imprisonment. Okla. Stat. tit. 63, § 2-402(B)(2). Thus, possession of cocaine base is a felony drug offense under § 841(b). Burgess v. United States, 553 U.S. 124 (2008). E.g., Edwards v. Warden, FCC Coleman-Medium, 432 F. App'x 897 (2011)(Florida conviction for simple possession of cocaine is felony drug offense).

### (3) Government's Amended § 851 Notice

Defendant objected to the government's Amended Notice. (Doc. #532.) Defendant asserts that the government's Amended § 851 Notice was filed seven months after trial, and is therefore untimely under § 851 and a violation of due process. Defendant also argues that the government cannot seek a statutory enhancement based on a judgment that was not even in existence at the time the § 851 Notice was required to be filed. Defendant further asserts that the amended Oklahoma judgment deprives him of due process because he was not given notice or opportunity to be heard as to

the amended judgment in Oklahoma and the factual basis for the plea is insufficient to support the conviction as amended. The government responds that its Amended Notice simply corrects the clerical mistakes which had been corrected in the Oklahoma judgment, and is therefore an appropriate, timely filing.

"Clerical mistakes in the [§851] information may be amended at any time prior to the pronouncement of sentence." 21 U.S.C. § 851(a)(1). The change of the date of conviction from February 19, 2009 on the original § 851 Notice to February 13, 2009 in the amended § 851 Notice is clearly covered under the clerical mistake portion of the statute. Perez v. United States, 249 F.3d 1261, 1267 (11th Cir. 2001). The more difficult question is whether the change of the offense of conviction is the correction of a clerical error.

The Oklahoma trial judge clearly had the authority to amend his judgment to reflect the correct offense of conviction and its correct statutory citation. Under Oklahoma law, it is "clearly within the jurisdiction and power of the trial court to order the commitments . . . corrected to speak the truth." Ex parte Baker, 289 P. 253, 254 (Okla. 1930). Under Oklahoma law, correcting a charging document to reflect the correct offense of conviction is considered to be correcting clerical error and is commonly accomplished by a *nunc pro tunc* order. See, e.g., Head v. State, 146 P.3d 1141 (Okla. Crim. App. 2006); Ex parte Bridges, 322 P.2d

427 (Okla. Crim. App. 1958). Such a procedure is used for the very limited purpose of correcting the paperwork to reflect the actual judgment rendered by the court, not to make substantive changes. Chandler v. Denton, 747 P.2d 938, 941 (Okla. 1987); see also Kamees v. State, 815 P.2d 1204 (Okla. Crim. App. 1991). Oklahoma appellate courts routinely and summarily direct trial courts to enter *nunc pro tunc* orders correcting the offense of conviction where it has been misstated in a judgment. See, e.g., Neloms v. State, 274 P.3d 161 (Okla. Crim. App. 2012); Head, 146 P.3d 1141.

To be counted as a "prior" conviction, the felony drug offense must have "become final" before commission of the new federal drug offense. 21 U.S.C. 841(b). A conviction becomes "final" after defendant is sentenced and the time to file a direct appeal has expired. United States v. Williams, 469 F.3d 963, 967 (11th Cir. 2006); Hagins v. United States, 267 F.3d 1202, 1207-08 (11th Cir. 2001). See also Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011). *Nunc pro tunc* corrective orders in a criminal case may be reviewed in an appropriate original proceeding such as mandamus, certiorari, or habeas corpus. Dunn v. State, 196 P. 739, 741 (Okla. Crim. App. 1921). The review is not a challenge to the underlying conviction, but of the corrective action taken on a *nunc pro tunc* basis. The Court finds that defendant's conviction in Oklahoma was "final" within the meaning of § 851 even if the *nunc pro tunc* amendment to the judgment may be reviewed in an original

proceeding. The Court concludes that the government's Amended Notice was properly filed as a correction of clerical errors.

### (4) Sufficiency of Original § 851 Notice

Alternatively, if the Court assumes the Amended Notice is ineffectual, the Court considers whether the original § 851 Notice was sufficient. As discussed above, the original description of the Oklahoma conviction in that Notice was:

> (a) **Possession of Controlled Drug with Intent to Distribute**, in violation of Oklahoma Statute 63 OS 2-401(A)(1), a crime punishable by imprisonment for a term exceeding one year, in the District Court in and for Tulsa County, Oklahoma, in Case No. CF-08-4832, on or about February 19, 2009;

(Doc. #325, p. 2.) We now know that this description of the prior conviction was erroneous as to the offense of conviction, the Oklahoma statutory citation, and the date of conviction. Was the original Notice nonetheless sufficient under § 851?

The purpose of § 851 is to inform the defendant that the government is seeking a sentencing enhancement, so that the defendant can challenge the convictions if inaccurate and adjust his trial or pleading strategy with full knowledge of the consequences. United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007). While the Eleventh Circuit requires strict compliance with § 851(a)(1)'s filing and service requirements, it has permitted an incorrect description of a prior conviction if the Notice "unambiguously signaled the government's intent to rely upon a specific prior [drug] conviction" to enhance the defendant's

-11-

sentence.  Perez v. United States, 249 F.3d 1261, 1264-66 (11th Cir. 2001).  Such incorrect descriptions have included misidentification of the offenses of conviction, which were actually simple possession convictions, United States v. Brown, No. 12-11744, 2013 WL 1196887 (11th Cir. Mar. 19, 2013); the wrong year in a date, Perez, 249 F.3d at 1263-67; the wrong case number, United States v. Corriette, 171 F. App'x 319, 325-26 (11th Cir. 2006); and misidentification of the substance as cocaine or crack cocaine, United States v. Davis, 370 F. App'x 974, 978-79 (11th Cir. 2010).

The Court finds that the government's original § 851 Notice was inaccurate but was sufficient.  The original § 851 Notice served the purposes behind the notice requirement because, although Sereme's prior Oklahoma offense of conviction was mischaracterized, the original Notice provided sufficient accurate details to enable Sereme to research, identify, and contest the accuracy of the Notice.  Indeed, the Notice was successful, as defendant has focused on the correct conviction events in Oklahoma. The original Notice unambiguously signaled the government's intent to seek a mandatory imprisonment term of life under § 841(b)(1)(A) based on Sereme's prior convictions, as had been done twice before in connection with the Indictment and the Superseding Indictment, and thus allowed defendant to plan his defense strategy with this in mind.

**(5) Related Offense**

Defendant also argues that the Possession of Cocaine Base conviction in Oklahoma is not a **prior** conviction because it was part of the same conspiracy offense as charged in Count One. There were two convictions in Oklahoma (only one of which is used in the § 851 Notice), and the facts are described in Paragraph 21 of the Presentence Report:

> A Tulsa, Oklahoma Police Department arrest report indicates on September 24, 2008, officers executed a search warrant [on] Sereme's residence at 1236 S. Quincy Avenue in Tulsa. Officers found multiple baggies of marijuana packaged for sale on the dining room table, a baggie of cocaine, scales, and a large amount of plastic baggies and cash. On October 30, 2008, the Tulsa County Sheriff's Office executed a search warrant on 1236 S. Quincy Avenue in Tulsa. Jude Sereme and Rick Jean fought with the arrest team when they served the warrant, and they also made threats to kill the neighbor and two deputies. Sereme, Rick Jean, and Minerva Jean were found to be in possession of marijuana.

(Presentence Report, ¶ 21.)

In United States v. Hansley, 54 F.3d 709 (11th Cir. 1995) defendant argued that his prior conviction was not distinct enough in time to be considered a prior, unrelated conviction. The Court cited United States v. Rice, 43 F.3d 601, 608 (11th Cir. 1995) for the proposition that "the threshold issue is whether a prior conviction is 'separate in time and locale;' the fact that prior convictions may have resulted from criminal conduct in furtherance of one overall conspiracy is, for the most part, meaningless." Hansley, 54 F.3d at 717. The defendant in Hansley continued to

-13-

engage in the drug-related, conspiratorial activity for over eighteen months after his prior conviction. Id. The Court found that although defendant's prior conviction may have resulted from criminal conduct taken in furtherance of the conspiracy, defendant had continued to engage in the conspiracy for a significant period of time, thus justifying the enhanced sentence. Id. See also Hagins, 267 F.3d at 1208.

Here, the trial testimony established extensive drug dealings by Sereme in the Middle District of Florida after his conviction in Oklahoma. Indeed, the great bulk of the evidence related to continued drug dealings after the Oklahoma conviction. The Court concludes that the Oklahoma conviction qualifies as a prior felony drug conviction under § 841(b).

### (6) Florida Conviction

Defendant argues that the Florida conviction cannot be counted because the Notice was insufficient to describe the offense of conviction. Defendant asserts that the Notice description was insufficient to identify the offense of conviction. (Doc. #481, pp. 10-13.) Based upon the case law summarized above, the Court concludes that the Notice provided a sufficient description of the offense of conviction. The objection is overruled.

### D. Career Offender Enhancement

Defendant also challenges the Miami-Dade conviction under the career offender enhancement because it was not clear which prong of

the Florida statute defendant was charged with or convicted. The Court overrules this objection. Career offender consideration does not require the filing of a § 851 notice, and the offense of conviction is a qualifying offense under the career offender Sentencing Guidelines.

Accordingly, it is now

**ORDERED:**

1. The objections to the Presentence Report are **sustained in part and overruled in part** as set forth above, and the following additional changes are made:

    (a) Paragraph 66 of the Presentence Report is stricken.

    (b) Paragraph 70: The Adjusted Offense Level becomes "36" instead of 38.

    (c) Paragraph 72: The Total Offense Level becomes "36" instead of 38.

    (d) Paragraph 77 is stricken.

    (e) Paragraph 89: The offense of conviction shall be changed from "Possession of Controlled Drug with Intent to Distribute" to "Possession of Cocaine Base."

    (f) Paragraph 123: The "38" is changed to "37."

2. Pursuant to Fed. R. Crim. P. 32(i)(3)(C), the U.S. Probation Office is directed to append a copy of these determinations to any copy of the Presentence Report made available to the Bureau of Prisons.

3. The continued sentencing hearing is set for **May 13, 2013 at 9:30 a.m.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>6th</u> day of May, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation
DCCD